Dear Mr. Hopkins:
You requested the opinion of this office regarding the payment of employment status of a "law enforcement officer" for the purposes of determining entitlement to witness fee under La. law enforcement witness fees pursuant to La. R.S. 15:255. As I understand the situation which led to your request, a former deputy sheriff, no longer employed as a law enforcement officer, was served with a summons to appear before the Sixth Judicial District Court, Parish of Tensas, and testify in a criminal case. The former deputy was a law enforcement officer when the criminal case commenced. He has requested payment of the witness fee.
You have presented five questions for our consideration:
 1. Is a former law enforcement officer entitled to the witness fee in La. R.S. 15:255 when he is summoned to testify in a criminal case after he has left his employment as a law enforcement officer?
 2. If a law enforcement officer is summoned in a criminal case, but employed by a different law enforcement agency than the one in which he was employed at the time the case arose, is he entitled to the witness fee in La. R.S. 15:255?
 3. Who determines the employment and duty status of the witness for the purposes of La. R.S. 15:255?
 4. Is a summons issued to a former law enforcement officer, giving his former title (e.g., Deputy), proper?
 5. Should the witness fee established in La. R.S. 15:255 be paid if the special fund required by La. R.S. 15:255D has not been set up and maintained, and the district court has ordered said fee to be paid from the parish criminal court fund?
La. R.S. 15:255 A(1) provides:
 Whenever a law enforcement officer is required to be present, in his official capacity, as a witness in any criminal case or delinquency adjudication in any district or parish court or any court exercising juvenile jurisdiction, during any time he is not required to report to work or perform the duties of his office, the governing authority of the parish shall pay him the sum of twenty-five dollars for each day per case, but no more than seventy-five dollars in any one day, regardless of the number of cases for which he is required to be present or whether he actually testified in the case, and which sum shall be paid pursuant to the provisions of R.S. 15:255(D)(1). This fee shall be provided to the law enforcement officer within sixty days from the date of the appearance. This fee shall not be paid, however, to any law enforcement officer who is compensated by his employer for his appearance as a witness pursuant to the provisions of the federal Fair Labor Standards Act, as amended. (Emphasis added)
The language of the statute is clear and unambiguous. The fee is to be paid to any "law enforcement officer" required to attend a criminal proceeding "in his official capacity." A former law enforcement officer is not a "law enforcement officer", and consequently his appearance in a criminal proceeding cannot be "in his official capacity" as such. While this may seem harsh, had the legislature intended to provide the fee to any witness called to testify by virtue of his former service as a law enforcement officer, it clearly could have indicated its intent by providing for attendance by former law enforcement officers as a result of or arising out of their previous service as law enforcement officers.
If the person receiving the summons to appear in his official capacity as a law enforcement officer is still a law enforcement officer, but is no longer employed by the same agency as he was when the alleged charges were brought, it is our opinion he is entitled to the fee prescribed by the statute. He is a "law enforcement officer" and the statute makes no distinction regarding his present employer. We think the term "official capacity" refers to his capacity as a "law enforcement officer" regardless of his place of employment as such.
The questions of the witness' employment and duty status can be made by his present and former employers (who employ or employed him as a law enforcement officer). The employer would determine his pay status at any given time. The parish governing authority is not ordinarily in a satisfactory position to make the determination, nor could the court, without reliance on the records of the employer.
A summons issued to anyone with an appellation, whether it be Mr., Mrs., Ms., Dr., Deputy, Patrolman, Detective, etc. is not improper, if the appellation is inappropriate at the time of issuance of the summons, provided the identity of the person being summoned is clear.
With regard to your final question, it is the opinion of this office that a court order for payment of a witness fee, regardless of whether statutory requirements have be met, is imperative. Should the governing authority of the parish feel the court order is improper, it should seek judicial relief, but it should not ignore the court order. According to the statute a special fund should be established, in which the cost assessed and collected pursuant to the statute should be placed, maintained and administered. But a court order, whether it contravenes the statute or not, should be honored, until overruled or withdrawn.
We trust this opinion provides you with the necessary information to satisfy your query. Should you have further questions, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ RANDALL A. KARR ASSISTANT ATTORNEY GENERAL
RPI/RAK/dra